IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CIVIL SOCIETY INSTITUTE, INC., | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF ENERGY and STEVEN CHU, in his | ) | |
| official capacity as Secretary of Energy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This action is brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, to enjoin the United States Department of Energy ("DOE") and Steven Chu ("Secretary Chu," and collectively with DOE, "Defendants") from withholding from public disclosure certain records within DOE's possession and control, and ordering their production to the Civil Society Institute, Inc. ("CSI" or "Plaintiff").

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 5 U.S.C. §§ 701-706.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because this District is where Plaintiff resides and has its principal place of business.

4.     Plaintiff CSI is a non-profit organization with tax-exempt status organized under the laws of the Commonwealth of Massachusetts.  CSI's office is located at 1 Bridge Street, Suite 200, Newton, MA 02458. CSI's primary purposes include promoting the role of the civil society and the pursuit of sustainable development strategies that work to counter environmental

degradation, and conducting and publishing related research. CSI serves as a catalyst for change by addressing critical problems including global warming and science policy. Since its founding in 1995, Plaintiff has been particularly concerned with nuclear power policy.

5.      Defendant DOE is a federal agency established by statute and charged by Congress with responsibility for administering federal programs on energy.  DOE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

6.      Defendant Steven Chu is the Secretary of Energy and heads the DOE.  Secretary Chu is responsible for DOE's compliance with the laws of the United States and the regulations promulgated thereunder, including the laws and regulations at issue in this case.

## Factual Allegations

7.      In the Energy Policy Act of 2005, Congress directed DOE to carry out a program of research to "address water-related issues associated with the provision of adequate supplies, optimal management, and efficient use of energy," among other things.  *See* Pub. L. 109-58, § 979(a)(2), 42 U.S.C. § 16319(a)(2).  This research was to be completed by August 8, 2007.  *Id.*

8.      On information and belief, DOE has planned to comply with this part of the Act by issuing two reports.  The first report was drafted in or about December 2006 and made public approximately a month later.  The second report is called the "National Energy-Water Roadmap" ("the Roadmap").  The Roadmap was drafted by individuals at Sandia National Laboratories ("Sandia") and sent to DOE in or about July 2006.  Since then, the Roadmap has never been made publicly available.   On information and belief, DOE has blocked the issuance of the Roadmap over the last four years because it shows energy policy has not given adequate consideration to the nation's limited water resources.   *See* J. Carl Ganter,

*Water/Energy=Collision Course:  DOE Blocks Disclosure of Road Map*, huffingtonpost.com, Sept. 8, 2010.[1]

9.      On January 3, 2011, counsel for Plaintiff sent DOE's FOIA office a letter ("FOIA Request") by electronic email and first-class mail.  This letter requested copies of: the Roadmap; all drafts of the Roadmap; and any and all correspondence, memoranda, emails, reports, facsimiles, etc. regarding the Roadmap to, from or between certain individuals.  The FOIA Request stated that Plaintiff was willing to pay fees for searching for or copying the documents for this request.  The FOIA Request is attached hereto as Exhibit A.

10.     By an "interim response" letter to CSI dated January 4, 2011, DOE acknowledged CSI's request.  This letter informed CSI that searches for responsive records would be conducted in the files of several offices within DOE headquarters and within the National Nuclear Security Administration ("NNSA"), and that "[u]pon completion of the searches and the review of any records located, you will be provided a response."  On information and belief, Sandia is a government-owned laboratory that is operated by a private contractor on the NNSA's behalf, and the NNSA is part of DOE.  The letter directed CSI to contact Joan Ogbazghi in DOE's Office of Information Resources with any further questions.  This letter is attached hereto as part of Exhibit B.

11.     On February 17, 2011, CSI sent a letter to Ms. Ogbazghi inquiring about the status of DOE's response.  This letter is also attached hereto as part of Exhibit B.

12.     When CSI did not receive any response to this letter, CSI reached Ms. Ogbazghi by phone, who agreed to schedule a telephone conference call with CSI and DOE.  This conference call occurred on or about March 10, 2011.  The DOE participants on the conference call included (a) Ms. Ogbazghi, (b) a FOIA official for the NNSA named Ben Jaramillo, and (c)

---

[1]      Available at:  http://www.huffingtonpost.com/j-carl-ganter/water-energy-collision-co_b_708959.html

Samuel Baldwin, an employee of DOE who was one of the principal reviewers of the Roadmap. During this call, Mr. Baldwin informed CSI that he had already compiled certain materials related to the Roadmap ("Baldwin Documents"), including all emails to him or from him related to the Roadmap. During the same call, Mr. Jaramillo said he was the NNSA official responsible for coordinating the response from Sandia, but was unable to provide any information on Sandia's documents. CSI has never (on the conference call or at any other time) extended DOE's time to respond to its FOIA request.

13.     CSI has not been able to obtain any documents in Sandia's possession. On April 14, 2011, in response to an inquiry from CSI, Ms. Ogbazghi reported that "Sandia has completed the search for responsive records and is currently reviewing and organizing the records to send to its Classification Office for review by April 22nd." On April 20, 2011, in response to an inquiry by CSI, Mr. Jaramillo stated in an email that documents responsive to CSI's request were under review at Sandia. The email did not provide an estimated completion date. On May 3, 2011, Mr. Jaramillo sent an email to CSI stating that Sandia was "still in the process of cataloging and analyzing the potential responsive material to be transferred to Classification." On May 6, 2011, Mr. Jaramillo sent another email to CSI, explaining that Sandia had still not transferred the responsive materials to Sandia's "classification office," and that even once this had occurred the documents would still have to be transferred to Mr. Jaramillo for additional review, and then to DOE headquarters for final review. These emails between Mr. Jaramillo, Ms. Ogbazghi, and CSI are attached hereto as Exhibit C.

14.     CSI has also not been able to obtain the Baldwin Documents or any other documents from DOE pursuant to its FOIA Request. On May 12, 2011, CSI's counsel spoke to Ms. Ogbazghi by phone. Ms. Ogbazghi stated that an attorney in DOE's general counsel's office

stated that he would need about a week to finish reviewing the Baldwin Documents.  On May 18, 2011, CSI sent Ms. Ogbazghi and Mr. Jaramillo an email stating that CSI would prepare a complaint to obtain documents responsive to its request if documents were not produced by May 20, 2011.  This email is included in the correspondence attached hereto as Exhibit C.  Later that same day, Ms. Ogbazghi informed CSI's counsel by phone that the DOE attorney reviewing the Baldwin Documents was Isaiah Smith, and gave CSI's counsel Mr. Smith's phone number.  Counsel for CSI left a voicemail message for Mr. Smith, inquiring about the status of the review.  The call was never returned.

15.    CSI has not received any further documents or communications from DOE, NNSA, or Sandia regarding its FOIA Request.   Neither DOE nor NNSA nor Sandia has sought an extension of time to respond to CSI's FOIA request or described any unusual circumstances that would justify such an extension.  CSI has exhausted the applicable administrative remedies.

16.    Under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), DOE was required within 20 working days to notify CSI of DOE's determination whether DOE would comply with CSI's FOIA Request.   More than 100 working days have passed since DOE received CSI's FOIA Request, but DOE has never notified CSI under section 552(a)(6)(A)(i).

17.    Under DOE's own regulations, 10 CFR 1004.5(b) and (d), DOE was required to prepare a written response to the FOIA Request, such as a grant or a denial of the request, within ten working days. More than 100 working days have passed since DOE received CSI's FOIA Request, but DOE has never notified CSI under 10 CFR 1004.5(b) and (d).

18.    Defendants have wrongfully withheld the requested records from CSI.

## Count I – FOIA

19.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 18.

20.     Defendants' failure to timely respond to CSI's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and DOE's own regulation promulgated thereunder, 10 CFR 1004.5(b) and (d).

## Count II – Administrative Procedure Act

21.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 18.

22.     Defendants' failure to timely respond to CSI's FOIA Request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the APA.  Defendants' failure to timely respond is arbitrary, capricious, an abuse of discretion, not in accordance with law and without observance of procedure required by law, all in violation of the APA.

WHEREFORE, CSI respectfully requests that this Court:

1.     Enter an order declaring that Defendants have violated FOIA and the APA;

2.     Enter an order requiring Defendants to disclose the requested records in their entireties and to make copies available to CSI;

3.     Maintain jurisdiction over this action until the Defendants are in compliance with FOIA, APA and all orders of this Court;

4.     Provide for expeditious proceedings in this action;

5.     Award CSI its costs and reasonable attorney fees in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.      Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**Civil Society Institute, Inc.**

Date:  June 10, 2011             By:     /s/ Matthew F. Pawa
                                         Matthew F. Pawa, BBO #625933
                                         Daniel G. Booth (*of counsel*), BBO #672090
                                         Pawa Law Group, P.C.
                                         1280 Centre Street, Suite 230
                                         Newton Centre, MA 02459
                                         Telephone:  (617) 641-9550
                                         Facsimile:   (617) 641-9551
                                         mpawa@pawalaw.com
                                         dbooth@boothsweet.com